UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAURA K. and PHILLIP K. as parents and best
friends of their infant daughter "C", ANGELA M.
and MICHAEL M., as parents and best friends of
their infant daughter "M", and KATHY D. and
JOSEPH D. as parents and best friends of their
infant daughter "J",

       Plaintiffs,

 -against-

JANA RINALDO, individually, RHONDA
HUEMANN, individually, JANE DOE,
individually, MARY ROE, individually, and
the YWCA, a non-profit association, BRIAN
ROBBINS, individually and in his capacity
As a Detective in the Police Department of
The City of White Plains, N.Y. ERIC FISHER,
Individually and in his capacity as a Detective
Sergeant in the Police Department of the City of
White Plains, N.Y., and ANNE FITZSIMMONS,
Individually and in her capacity as Assistant
Chief of Police of the Police Department of
The City of White Plains, N.Y.,

       Defendants.
------------------------------------------------------------x



ORIGINAL

'07 CIV 10536

COMPLAINT

JUDGE CONNER

Jury Trial Demanded

  Plaintiffs LAURA K. and PHILLIP K. as parents and best friends of their infant daughter "C", ANGELA M. and MICHAEL M., as parents and best friends of their infant daughter "M", and KATHY D. and JOSEPH D. as parents and best friends of their infant daughter "J", by their attorneys Lovett & Gould, LLP, for their complaint respectfully state:

### NATURE OF THE ACTION

  1. This is an action for compensatory and punitive damages: i) proximately the result of criminal misconduct engaged in by Defendants Rinaldo, Huemann, Doe, Roe and the YWCA

pursuant to a conspiratorial plan engaged in pursuant to 42 U.S.C. §1985(3), to systematically deprive Plaintiffs and their infant daughters of their rights and privileges under the United States Constitution; and ii) proximately the result of conduct engaged in by Defendants Robbins, Fisher and FitzSimmons, who while acting under color of the laws of the State of New York violated Plaintiff's right to Equal Protection as guaranteed by 42 U.S.C. §1983.

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1331, 1343. Plaintiff's supplementary state law claims are interposed pursuant to 28 U.S.C. 1367.

### THE PARTIES

3. Plaintiffs LAURA K. and PHILLIP K. are citizens of the United States, domiciliaries of the State of New York, residents of the Northern Counties, and the biological parents of an infant female daughter "C", who at the time of the events set forth *infra* was three years of age.

4. Plaintiffs ANGELA M. and MICHAEL M. are citizens of the United States, domiciliaries of the State of New York, residents of the Northern Counties, and the biological parents of an infant female daughter "M", who at the time of the events set forth *infra* was three years of age.

5. Plaintiffs KATHY D. and JOSEPH D. are citizens of the United States, domiciliaries of the State of New York, residents of the Northern Counties, and the biological parents of an infant female daughter "J", who at the time of the events set forth *infra* was three years of age.

6. Defendant JANA RINALDO (hereinafter "Rinaldo"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by Defendant YWCA as a teacher in its pre-school educational program (hereinafter the "program"). Rinaldo is a pedophile as more particularly set forth *infra*.

7. Defendant RHONDA HUEMANN (hereinafter "Huemann"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by the Defendant YWCA as its "Director". Heumann, who was responsible for oversight of the program, agreed with Rinaldo and their presently unidentified codefendants to knowingly facilitate Rinaldo engaging in acts of pedophilia, as more particularly set forth *infra*.

8. Defendants JANE DOE and MARY ROE (hereinafter "Doe" and "Roe") who are sued in their individual and personal capacities, are presently unidentified employees and/or former employees of the Defendant YWCA who upon information and belief jointly engaged in the conduct referenced *infra* in violation of Plaintiffs' rights.

9. Defendant YWCA or Young Womens Christian Association (hereinafter "YWCA") is a non-profit association with offices for the conduct of its activities at 515 North Street, White Plains, New York. The YWCA has, with respect to Defendant FitzSimmons publicly made her a member of the YWCA's "Academy of Honorees" by reason of her "long standing commitment and leadership on community policing and protection of women" as "paramount issues for her [Police D]epartment".

10. Defendant BRIAN ROBBINS (hereinafter "Robbins"), who is sued in his individual and official capacities, at all times relevant to this complaint was employed by the City of White Plains, New York, as a Police Detective.

11. Defendant ERIC FISHER (hereinafter "Fischer"), who is sued in his individual and official capacities, at all times relevant to this complaint was employed by the said City as a Police Detective Sergeant.

12. Defendant ANNE FITZSIMMONS (hereinafter "FitzSimmons"), who is sued in her individual and official capacities, at all times relevant to this complaint was employed by said City as Assistant Chief of Police.

## THE FACTS

13. In connection with the operation of the program and for the past several years Rinaldo, Huemann, Jane Doe, and Mary Roe, while acting in concert pursuant to an expressly agreed upon plan, have for personal, predatory and lustful reasons preyed upon a particular class of persons, three year old female children improvidently entrusted to their care.

14. In furtherance of their agreement they have over the years intentionally targeted three year old females in the program and: i) sodomized them digitally; ii) otherwise sexually abused them; iii) photographed their naked genital area for purposes of for profit distribution on the Internet; and *inter alia* subjected them to other forms of assault and battery.

15. Unaware of Defendants' history of sexual abuse of their infant female enrollees in the program, in the Fall of 2006 Laura K., Phillip K., Angela M., Michael M., Kathy D. and Joseph D, enrolled their three year old daughters in the program, unwittingly leaving them open to Rinaldo, Huemann, Jane Doe and Mary Roe's sexually predatory conduct.

16. As a result, during the course of the program's school (2006-2007) year, Rinaldo, Huemann, Jane Doe and Mary Roe repeatedly:

    a. Digitally sodomized Plaintiffs' infant daughters as well as many of the other female three year olds in the program,

    b. Otherwise subjected them and their female classmates in the program to

unwanted and offensive sexual touching, assaults and batteries, and, *inter alia:*

    c. Photographed, for profit, these female infants' genitals for publication on the Internet as "kiddy porn".

17. Defendants Rinaldo, Heumann, Doe and Roe's sexual misconduct as directed at these three year old females was over the years and continuing through 2006-2007 in words or substance reported repeatedly to the highest administrators at the YWCA - - who feigned an "investigation", covered-up (out of concern for potential liability) the misconduct, and in 2007 allowed Rinaldo, Heumann (and upon information and belief Doe and Roe) to resign from the employment with impunity.

18. Upon learning of the sexual abuse of their daughters and other female participants in the program, Plaintiffs contacted the White Plains Police Department with a view towards having a thorough investigation conducted and those responsible for the abuse criminally prosecuted.

19. In that connection Robbins was assigned to do the investigation, which he commenced proclaiming to the Plaintiffs that he would thoroughly investigate and interview all persons involved and/or potentially involved.

20. Weeks into the investigation Robbins began to intentionally lie to the Plaintiffs regarding what he had learned and from whom. He then, without prior notification to the Plaintiffs summarily stopped the investigation - - for no reason related to law enforcement - - with the affirmative concurrence and upon the direction of Fischer and FitzSimmons. The determination to shut down the investigation was: i) made intentionally rather than on the basis of a mistake; and ii) not made for any legitimate governmental policy reason(s) and/or for any rationale reason.

21. In ceasing the investigation into the subject criminal wrongdoing, Defendants Robbins, Fischer and FitzSimmons intentionally determined to treat Plaintiffs and their daughters differently than dozens of other identically situated families/female children who have been the subject of sexual abuse complaints to the White Plains Police Department. In the other cases the victims/complainants have been more favorably treated by the White Plains Police Department, investigations were completed and, where appropriate, arrests were made and prosecutions ensured.

22. As a proximate result of Defendants' conduct Plaintiffs and/or their infant daughters have been caused to suffer: emotional upset; anxiety; public embarrassment; public shame; public humiliation; pain and suffering; assaults and batteries; denial of Equal Protection; violations of their right of privacy and devastating impairment of their intra-familial relations; violations of their right of intimate association; and have otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### AGAINST RINALDO, HUEMANN,
### DOE, ROE AND YWCA

23. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "22", inclusive.

24. Under the premises Defendants' conduct violated Plaintiffs' infant children's right to privacy as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. 1985(3).

### AS AND FOR A SECOND CLAIM
### AGAINST RINALDO, HUEMANN,
### DOE, ROE AND YWCA

25. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs

"1" to "22", inclusive.

26. Under the premises Defendants' conduct violated Plaintiffs' right of intimate association as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. 1985(3).

### AS AND FOR A THIRD CLAIM
### AGAINST RINALDO, HUEMANN,
### DOE, ROE AND YWCA

27. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "22", inclusive.

28. Under the premises Defendants conduct constituted assaults and batteries actionable for damages under the common law of the State of New York.

### AS AND FOR A FOURTH CLAIM
### AGAINST ROBBINS, FISCHER, AND
### FITZSIMMONS

29. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "22", inclusive.

30. Under the premises Defendants' conduct violated Plaintiffs' rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding, against all Defendants other than Robbins, Fischer and FitzSimmons in their official capacities, such punitive damages as the jury may impose,

    b. Awarding against all Defendants such compensatory damages as the jury may determine,

c. Awarding reasonable attorney's fees and costs (except upon the Third Claim),

and,

d. Granting such other and further relieve as to the Court may seem just and proper.

Dated: White Plains, N.Y.
      November 21, 2007

                                      LOVETT & GOULD, LLP
                                      By:
                                      Jonathan Lovett (4854)
                                      Attorneys for Plaintiffs
                                      222 Bloomingdale Road
                                      White Plains, N.Y. 10605
                                      914-428-8401