OUR FILE: 400.143480
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
LAURA K. and PHILLIP K, as parents and best friends of
their infant daughter "C", ANGELA M. and MICHAEL M. as
parents and best friends of their infant daughter "M",
and KATHY D. and JOSEPH D., as parents and best friends
of their infant daughter "J", ANNE TERMINI,

                                                  Plaintiff(s),

-against-

JANA RINALDO, individually, RHONDA HUEMANN,
individually, JANE DOE, individually, MARY ROE, individually,
and the YWCA, a non-profit association, BRIAN ROBBINS,
individually and in his capacity as a Detective in the Police
Department of the City of White Plains, NY, ERIC FISHER,
individually and in his capacity as a Detective Sergeant in the
Police Department of the City of White Plains , NY and ANNE
FITZSIMMONS, individually and in her capacity as Assistant
Chief of Police of the Police Department of the City of
White Plains, NY,
                                                  Defendant(s).
---------------------------------------------------------------------------X

**ANSWER**

CIVIL ACTION

07 CIV 10536 (WCC)

       The defendant YWCA, by its attorneys Callan, Koster, Brady & Brennan, LLP, as and for its Answer to the Complaint of the plaintiff, respectfully alleges:

       1.     Denies the allegations contained in paragraphs "8", "13", "14", "15", "16", "17" and "22".

       2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "3", "4", "5", "10", "11", "12", "18", "19", "20" and "21".

       3.     Admits the allegations contained in paragraphs "9".

       4.     As and for a response to the allegations in paragraphs numbered "1" and "2", the defendant(s) denies and refers all questions of law to the trial court.

5. Denies the allegations contained in paragraphs "6" and "7" except admits that defendant JANA RINALDO and defendant RHONDA HUEMANN were employed by the YWCA.

### AS AND FOR THE FIRST CLAIM:

6. Answering the subdivision thereof numbered "23", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

7. Denies the allegations contained in paragraphs "24".

### AS AND FOR THE SECOND CLAIM:

8. Answering the subdivision thereof numbered "25", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

9. Denies the allegations contained in paragraphs "26".

### AS AND FOR THE THIRD CLAIM:

10. Answering the subdivision thereof numbered "27", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

11. Denies the allegations contained in paragraphs "28".

### AS AND FOR THE FOURTH CLAIM:

12. Answering the subdivision thereof numbered "29", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

13. Denies the allegations contained in paragraphs "30".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT, YWCA UPON INFORMATION AND BELIEF, ALLEGE(S):

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

The Complaint is barred by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

While the answering defendant denies the plaintiff's allegation of negligence and liability, any injury and damages, if proven, were the result of intervening and/or interceding acts of superseding negligence and liability on the part of parties over which this answering defendant neither has control nor has the right to control, and for which acts or omissions this answering defendant is not legally responsible.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

In the event the plaintiff recover a verdict or judgment against the answering defendant, then the verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as Insurance, Social Security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Provisions of C.P.L.R. Article 50-B apply to this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

The alleged conduct of the individual defendants employed by YWCA was outside the scope of their employment.

6

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

The alleged conduct of the individual defendants employed by YWCA was an intervening cause and attenuates any and all conduct on the part of the defendant YWCA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

Under New York law, an employer cannot be held liable for unpredictable intentional acts of an employee committed for purely personal reasons.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

YWCA asserts that if they are adjudged, decreed or otherwise determined to be liable to plaintiff, then YWCA would be entitled to apportion the degree of its fault or responsibility with and between the degree of fault or responsibility attributable to the plaintiff and/or any other defendants named herein or yet to be named. The amount of damages attributable to YWCA, if any, is to be abated, reduced or eliminated to the extent that the plaintiff's own fault, or the fault of any other entities that contributed to the plaintiff's damages.

## JURY DEMAND

Defendant, YWCA, demands a trial by jury.

**WHEREFORE**, the defendant, **YWCA**, demands judgment dismissing the Complaint against it, together with costs and disbursements of this action and attorneys fees.

Dated:     New York, New York
           February 1, 2008

Yours, etc.
CALLAN KOSTER, BRADY & BRENNAN, LLP

BY: _Paul F. Callan_
PAUL F. CALLAN (PFC-2005)
A Member of the Firm
Attorneys for Defendant
YWCA
One Whitehall Street, 10th Floor
New York, New York 10004
(212) 248-8800

7

TO:    LOVETT & GOULD, LLP
Attention: Jonathan Lovett, Esq.
Attorneys for Plaintiff(s)
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

KENNY, STEARNS & ZONGHETTI
Attention: Gino A. Zonghetti, Esq.
Attorneys for Defendant
JANA RINALDO
26 Broadway
New York, New York 10004
(212) 422-6111

JOSEPH A. MARIA, P.C.
Attorney for Defendants
BRIAN ROBBINS, Individually, et al.
ERIC FISHER, Individually, et al.
ANNE FITZSIMMONS, Individually, et al.
301 Old Tarrytown Road
White Plains, New York 10603
(914) 684-0333

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) : SS.:
COUNTY OF NEW YORK )

EILEEN GAMBINO, being duly sworn, deposes and says:

I am not a party to the action, I am over 18 years of age and I reside at One Whitehall Street, New York, New York 10004.

On February 4, 2008, I served a true copy of the annexed **ANSWER** by mailing same in a sealed envelope with postage prepaid in an official depository of the U.S. Postal Service within the State of New York addressed to:

TO: LOVETT & GOULD, LLP
Attention: Jonathan Lovett, Esq.
Attorneys for Plaintiff(s)
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

KENNY, STEARNS & ZONGHETTI
Attention: Gino A. Zonghetti, Esq.
Attorneys for Defendant
JANA RINALDO
26 Broadway
New York, New York 10004
(212) 422-6111

JOSEPH A. MARIA, P.C.
Attorney for Defendants
BRIAN ROBBINS, Individually, et al.
ERIC FISHER, Individually, et al.
ANNE FITZSIMMONS, Individually, et al.
301 Old Tarrytown Road
White Plains, New York 10603
(914) 684-0333

_____
EILEEN GAMBINO

Sworn to before me this
4th day of February, 2008

_____
Notary Public

MARIA COLAMARINO
Notary Public, State of New York
No. 01CO6008711
Qualified in Queens County
Commission Expires June 15, 20 10

9